Consultant Social Security or ID Number ███████

## CONSULTING INVESTIGATIVE SERVICES AGREEMENT
## ADDENDUM

CONTRACT NAME: U.S. OFFICE OF PERSONNEL MANAGEMENT (OPM)

ManTech MSM Security Services Inc (MMSM), a Maryland corporation (hereinafter referred to as "MMSM") having an office and place of business at ███████ Lanham, Maryland 20706 and ███████ hereinafter referred to as "CONSULTANT") having an office and place of business at ███████ Waldorf MD 20601-    agree to the following additions or modifications to the Primary Consultant Investigative Services Agreement (" the PCISA") for work performed on the U. S. Office of Personnel Management (OPM) Contract. This Consulting Investigative Services Agreement Addendum ("ADDENDUM") is the controlling document where there is any conflict in terms with the PCISA.

WITNESSETH: That the parties hereto mutually agree as follows:

ARTICLE I – ENGAGEMENT.

1.     This engagement is contingent upon the approval of the CONSULTANT by OPM. CONSULTANT shall furnish professional Consultant investigative services to MMSM in the pursuit of conducting Personnel Security Investigations (PSIs) in accordance with the OPM contract.

ARTICLE II – TERM OF ADDENDUM

1.     This ADDENDUM shall commence on April 28, 2006 and shall continue up to and including March 23, 2008 and may be extended for such additional period of time as may be mutually agreed upon in writing by the parties hereto.

ARTICLE III – PERFORMANCE

1. By placing initials in one of the following CONSULTANT agrees to complete (1) 1 to 5 leads weekly or up to 25% of CONSULTANT'S work time _____, (2) 6 to 10 leads weekly or 26% to 50% of CONSULTANT'S work time_____, or (3) 11 to 25 or more leads weekly, or 51% to 100% of CONSULTANT'S work time _____. CONSULTANT agrees to become knowledgeable and follow all policies, procedures, professional and ethical standards contained in the OPM handbook, pertaining to conducting personnel security investigations. MMSM agrees to ensure CONSULTANT is issued and maintains a current copy of such OPM handbook.

2.     CONSULTANT agrees to submit all reports and case related information through the OPM Personnel Investigations Processing System - Reporting (PIPS-R), unless

directed otherwise by MMSM. CONSULTANT agrees to submit invoices in conformance with the PCISA when assignments are completed.

3. CONSULTANT acknowledges investigative leads are due within fourteen (14) calendar days of receipt by CONSULTANT, unless MMSM executes written consent to extend prior to the due date. CONSULTANT agrees to seek said consent from a duly appointed representative of MMSM as indicated on MMSM's assignment sheet prior to due date if CONSULTANT anticipates inability to meet such due date.

4. CONSULTANT acknowledges and agrees that if CONSULTANT fails to obtain prior permission to extend due date of investigative leads(s), as shown in provision (3) of Article III of this ADDENDUM, MMSM reserves the right to reduce consideration paid to CONSULTANT by two percent (2%) per day for each day CONSULTANT has a lead(s) past due, up to a maximum of twenty percent (20%)

## ARTICLE IV. – INVESTIGATOR STATUS

1. As required by OPM, CONSULTANT agrees to notify MMSM as soon as practicable, but no later than three (3) calendar days after CONSULTANT experiences any of the following personal life events:

A. Arrests, charges (including charges which are dismissed), or detentions by Federal, state, or other law enforcement authorities, for violation of any Federal, state, county, or municipal law, regulation, other than traffic violations for which a fine of $250 or less was imposed

B. Filing for bankruptcy

C. Liens or judgments placed against CONSULTANT

D. Becoming a party in any civil action

E. Security violations

F. Changes in name or marital status

G. Involuntary termination form any employment

H. Treatment sought for alcohol or drug use or emotional/mental problems

I. Travel outside the United States

J. Loss of government supplied equipment (e.g., credentials, hard drives, etc.)

K. Residence with any foreign national

L. Contact with any foreign national not previously admitted to OPM

CLASSMATE-000014

## ARTICLE V - CONSIDERATION

1. In consideration for the above services, MMSM shall pay the CONSULTANT at the rate of $35.00 per point for leads conducted. Lead points will be calculated by MMSM at time of assignment as designated in the following schedule:

| | | |
|---|---|---|
| A. | Record Checks (Divorce, Bankruptcy, Judgments/Civil Suits, Employment/Military, Education, Rent, Medical) | 1 point |
| B. | Reference Interviews (Education, Employment, Listed, Developed, Former Spouse, Neighborhood Self-Employment, Unemployment) | 1 point |
| C. | Subject Interview | 3 points |
| D. | Special Interview (SPIN) | 4 points |
| E. | Arrest Records – Law Enforcement and Court inquiries assigned in batches of 10 or more at one Police Department, when results are "no record" | $ 6.50 ea |
| F. | Arrest Records – Law Enforcement and Court inquiries less than 10, when results are "no record". | $10.00 ea |
| G. | Arrest Records – Law Enforcement and Court inquiries when criminal record identified | 1 point |
| H. | Total invoice travel divided by 15 miles x .25 | .25 point (per 15 mile) |

MMSM will assign up to 2 points additional lead points per lead when justified by complex issues. CONSULTANT will document invoice when requesting additional points due to information developed by CONSULTANT.

*[handwritten: 175 / 44.5 / 70]*

2. CONSULTANT acknowledges that other than as specified above, compensation for travel time and report writing is included and accounted for in lead points and CONSULTANT agrees to not invoice separately for such time expended.

3. CONSULTANT agrees to invoice MMSM for investigative services through use of Microsoft Excel electronic voucher provided CONSULTANT by MMSM. The Consultant shall present an invoice for professional services with each completed case and associated report.

Each invoice, accompanied by Investigative Notes, shall be submitted within time frame allotted for lead(s) completion per Article III, Paragraph 3 of this ADDENDUM to:

ManTech MMSM Security Services Inc.

Lanham, MD 20706

ManTech MMSM shall reimburse the Consultant within 30 days upon receipt of acceptable invoice for completed work.

4. CONSULTANT agrees to not invoice MMSM for any rework time and expenses stemming from CONSULTANT's deficient work product.

5. The CONSULTANT may incur reasonable expenses in the course of its engagement by MSM for which CONSULTANT shall be reimbursed or otherwise compensated, as described in Article III, provision 3 of the PCISA.

## ARTICLE VI – TOOLS AND MATERIALS

1. In accordance with OPM requirements, MMSM agrees to provide CONSULTANT with a pre-configured laptop computer dedicated solely to the OPM contract, for CONSULTANTS who commit to devote 50% or more of their work time on OPM related work assigned by MMSM. CONUSULTANT agrees to use any computer equipment provided by MMSM solely for MMSM related work.

2. CONSULTANT agrees to assume sole responsibility for any computer equipment provided by MMSM including payment to MMSM for full replacement value or any equipment that is lost or stolen. CONSULTANT agrees to return to MMSM all such equipment within three (3) business days upon termination of this ADDENDUM, voluntary or involuntary, as instructed by MMSM. MMSM reserves the right to withhold the replacement value of such equipment from amounts invoiced by the CONSULTANT for failure of the CONSULTANT to timely return such equipment. Should the amount invoiced at the time of termination of this ADDENDUM be less than the replacement value of equipment, CONSULTANT expressly agrees to repay MMSM the remainder within thirty (30) days.

## ARTICLE VII – CUSTOMER CONFIDENTIAL INFORMATION

All memoranda, notes, records or other documents made or compiled by the CONSULTANT or made available to the CONSULTANT during the term of this ADDENDUM concerning the business of MMSM and/or investigations for which MMSM engaged the CONSULTANT shall be the property of U. S. Government and shall be delivered to MMSM on the termination of this PCISA or at any other time on request. CONSULTANT shall not use for CONSULTANT, or for any third parties, any data of MMSM obtained as a result of such engagement, unless previously authorized in writing by MMSM.

CLASSMATE-000016

## ARTICLE VIII - INFORMATION SECURITY

CONSULTANT agrees to adhere to OPM provisions as detailed on Attachments A and B. MMSM shall brief CONSULTANT as to the security controls and procedures applicable to the CONSULTANT'S performance and shall execute the Consultant Security Certificate as attached to the PCISA as Attachment A.

## ARTICLE IX – FREEDOM OF INFORMATION /PRIVACY ACT PROVISIONS

CONSULTANT agrees to adhere to OPM provisions covering Freedom of Information (FOIA) and the Privacy Act as detailed in Attachment A.

## ARTICLE X – TRAINING

1. CONSULTANT acknowledges that as directed by OPM requirement, CONSULTANT agrees to attend an OPM approved training course prior to receipt of credentials and work assignments. Such training will be provided by and MMSM pertaining to the use of OPM PIPS-R system as well as OPM policies and procedures. MMSM agrees to reimburse CONSULTANT for travel expenses to and from the training site as designated by MMSM, with the exception that CONSULTANT will not be compensated for travel or training time. MMSM agrees to also reimburse CONSULTANT for the cost of per diem and lodging expenses, at a location designated by MMSM and at rates reflected in the current U.S. Government Joint Travel Regulations, in the event CONSULTANT resides outside a fifty (50) mile radius of the training site. CONSULTANT acknowledges CONSULTANT is an independent contractor and understands CONSULTANT will not be reimbursed for training or travel time.

## ARTICLE XI – CLEARANCES/CREDENTAILS

1. MMSM acknowledges that the CONSULTANT must maintain a current security clearance at a level determined by OPM and MMSM, and agrees to assume all responsibility for costs related to such clearance, whether initial or periodic update, regardless of whether the CONSULTANT subsequently withdraws from the process or is ultimately disapproved.

2. CONSULTANT acknowledges CONSULTANT will only use OPM issued credentials for any and all work performed pursuant to this ADDENDUM and CONSULTANT understands that use of any other credential for such work is expressly prohibited by OPM. CONSULTANT also acknowledges and understands CONSULTANT is expressly prohibited from using OPM issued credentials for any work other than that related to OPM

IN WITNESS WHEREOF, the parties hereto have executed this AGREEMENT as of the day and year first above written.

CLASSMATE-000017

| CONSULTANT | MANTECH MMSM SECURITY SERVICES INC. |
|---|---|
| _____ Signature | *[signature]* _____ Signature Joseph Palazzo Director of Field Operations |
| **CONSULTANT** | |
| Date: | Date: April 28, 2006 |

**Attachment A**
ADDENDUM CONSULTING INVESTIGATIVE SERVICES AGREEMENT (OPM)
Modified excerpt from Blanket Purchase Agreement No. ADDENDUM AGREEMENT040400015
Page 31 and 32 (partial)

## A 7.5 INVESTIGATIVE REPORTS

A.7.5.4   Investigative reports, attachments thereto, and information gathered by the CONSULTANT during the conduct of the investigations are the property of the Government and shall not be used for any purpose other than the investigation authorized by the Government. All include investigators' notes are considered For Official Use Only (FOUO), unless classified, and, except as specified below, shall be protected and destroyed by the CONSULTANT in accordance with authorized OPM standards or other applicable appropriate standards.

A.7.5.5   Title to all materials and work in process acquired or produced by the CONSULTANT for performance under this ADDENDUM AGREEMENT and chargeable thereto as well as title to all source data information and materials furnished to the Government, together with all plans, systems analysis and design specifications and drawings, completed programs and documentation thereof, reports and listings, all tapes, disk files and all other items pertaining to the work and services to be performed pursuant to the agreement, including any copyright, will become and/or remain with the Government upon completion of this ADDENDUM AGREEMENT. The Government will have the full right to use each of these for its purposes without compensation or approval on the part of CONSULTANT.

A.7.5.6   All materials furnished to and/or maintained or developed by the CONSULTANT in connection with performing work under this ADDENDUM AGREEMENT (operational instructions, reference material, investigative personal or record testimonies, source lists, etc.) will be the property of OPM. Likewise, OPM will not release any of the CONSULTANT's information or data internal or proprietary to any third party, excluding certain Federal agencies, without the express written permission of the CONSULTANT.

A.7.5.7   Hard copy records, which document actionable issues, such as court documents, arrest records, termination notices, etc., shall be obtained and furnished to MMSM immediately as attachments to the report, per the guidelines of the Investigator's Handbook. The CONSULTANT shall maintain a copy of the document with other case material and then destroy the document in accordance with Section A.7.11.1.

A.7.5.8   The CONSULTANT shall accurately report the source of all information in the ROI. If databases are utilized vice obtaining information directly from appropriate law enforcement agencies, the ROI shall identify the database utilized as well as the law enforcement agencies or courts whose information is contained therein.

A.7.5.9   The CONSULTANT shall ensure that all media and data files transmitted to OPM are virus scanned and virus free to the best of the CONSULTANT's ability. The report format used will be that contained in and generated by OPM's PIPS. All reports and related documents prepared by an investigator and submitted to OPM must be computer generated, in the prescribed format, with acceptable style and grammar.

CLASSMATE-000019

**Attachment B**
ADDENDUM CONSULTING INVESTIGATIVE SERVICES AGREEMENT (OPM)
Modified excerpt from Blanket Purchase Agreement No. ADDENDUM AGREEMENT040400015
Page 34 and 35 (partial)

### A.7.11 INFORMATION SECURITY

A.7.11.1  All ROIs, attachments to ROIs, investigators' notes, documents, and other materials in which investigative information is collected, stored or reported, are For Official Use Only (FOUO), unless classified, and, except when specified, shall be protected and destroyed (when directed by the COR) by the CONSULTANT in accordance with PCISA, this ADDENDUM AGREEMENT, OPM policy, the Privacy Act of 1974, as amended (5 U.S.C. 552a), and the National Industrial Security Program Operating Manual (NISPOM), if they are classified above the FOUO level (i.e., SECRET and TOP SECRET). The disposal of information the disclosure of which is governed by the Privacy Act of 1974, as amended (5 U.S.C. 552a) by any means other than an approved shredder is prohibited.

A.7.11.2  All computer hard drives/writeable CDs/floppy disks used in the performance of work under this ADDENDUM AGREEMENT and which contain FOUO information and/or information the disclosure of which is governed by the Privacy Act of 1974, as amended (5 U.S.C. 552a), shall be overwritten or degaussed, as appropriate, to remove such information using a utility/method approved by OPM through the COR. This procedure must be completed before considering a hard drive/writeable CD/floppy disk to be free of FOUO/Privacy Act protected information and therefore no longer requiring protection as FOUO/Privacy Act protected information. Hard drives containing FOUO/Privacy Act protected information shall not be sent off-site for repairs. Further guidance pertaining to the removal/destruction of FOUO/Privacy Act protected information from electronic media can be obtained from OPM. This requirement applies to computer hard drives/writeable CD/floppy disks owned or used by the CONSULTANT in the performance of work under this ADDENDUM AGREEMENT. The CONSULTANT shall certify to the degaussing of such drives/disks at the end or termination of this ADDENDUM AGREEMENT, and when a subcontractor, consultant or other person performing work under this ADDENDUM AGREEMENT ceases to perform said work and/or when a business relationship with the CONSULTANT is terminated.

A.7.11.3  Classified information shall not be processed on a personal computer, word processor, or memory typewriter or reported over non-secure telephone or other communications lines. Classified information also shall be transmitted in accordance with OPM Investigator's Handbook. Where classified information is incorporated into written documents or when discussed in person, these documents or discussions must be clearly marked/identified, shared only with personnel having the verified appropriate clearance and need to know, and protected from unauthorized disclosure.

A.7.11.4  Computer communications including e-mail messages and attachments containing investigative information (to include names or SSNs) shall be conducted via a system approved by OPM. Any case specific information and messages shall be transmitted via PIPS only.

8

### A.7.12  FREEDOM OF INFORMATION/PRIVACY ACT PROVISIONS

A.7.12.1  Privacy Act Notification- During background investigation interviews CONSULTANT will advise each person interviewed and each custodian of records contacted that all information provided, including the source's identity, may be disclosed to the individual being investigated upon that individual's request. However, the source's identity must be withheld if the source requests confidentiality, and CONSULTANT expressly grants the request for confidentiality.

A.7.12.2  Safeguarding Information OPM regulations require safeguarding information about individuals. The CONSULTANT shall provide acceptable secured capability for investigative materials. All materials, including investigative notes and computer files, must be locked in a secured area when not under the direct supervision of CONSULTANT.

CLASSMATE-000021